FILED
2018 Mar-21  PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NEAL PHILLIPS and KEITH CLEVENGER,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | _____ |
| **ENCOMPASS HEALTH CORPORATION; and ENCOMPASS HEALTH AVIATION, LLC,** ) ) ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COME NOW the Plaintiffs, Neal Phillips and Keith Clevenger (hereinafter "Plaintiffs"), by and through the undersigned, and hereby file this lawsuit against Encompass Health Corporation and Encompass Health Aviation, LLC (hereinafter "Defendants") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (hereinafter the "Fair Labor Standards Act" or "FLSA"), claiming unpaid wages based on the following:

## PARTIES

1. Plaintiff Neal Phillips (hereinafter "Phillips") resides in Jefferson County, Alabama.

1

2. Plaintiff Keith Clevenger (hereinafter "Clevenger") resides in Jefferson County, Alabama.

3. Defendant Encompass Health Corporation (hereinafter "EHC"), formerly known as HealthSouth Corporation,[1] maintains its principal place of business at 9001 Liberty Parkway, Birmingham, Alabama 352422 and its and its registered agent, CT Corp. System, resides at 2 North Jackson St., Ste. 605, Montgomery Alabama 36104.

4. Defendant Encompass Health Aviation, LLC (hereinafter "EHA"), formerly known as HealthSouth Aviation, LLC,[2] maintains its principal place of business at 9001 Liberty Parkway, Birmingham, Alabama 352422 and its and its registered agent, CT Corp. System, resides at 2 North Jackson St., Ste. 605, Montgomery Alabama 36104.

5. Defendants EHC and EHA were joint employers of Phillips and Clevenger within the meaning of the FLSA at all times material to this Complaint.

---

[1] According to the Alabama Secretary of State's records, the name change was effective January 10, 2018.
[2] According to the Alabama Secretary of State's records, the name change was effective March 1, 2018.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

7. Defendants are subject to personal jurisdiction in the State of Alabama for purposes of this lawsuit because they both maintain their principal place of business in this District.

8. At all times material to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1) of the FLSA.

## STATEMENT OF FACTS

9. EHC represents that it operates nationally and that it is dedicated to inpatient rehabilitation, home health and hospice services.

10. Upon information and belief, EHC is the parent corporation of EHA.

11. Upon information and belief, EHA is dedicated to providing aviation services to the EHC organization under the control of EHC.

12. At all times material to this action, Phillips and Clevenger were jointly employed by EHC and EHA in an aviation hangar at Birmingham Shuttleworth International Airport in Birmingham, Alabama.

13. Phillips and Clevenger worked for Defendants during the two and three year periods preceding the filing of this complaint.

14. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to obtain equitable and injunctive relief and to remedy Defendants' violations of the wage provisions of the FLSA. As a result of these violations, Defendants have deprived Phillips and Clevenger of their lawful minimum and/or overtime wages.

Neal Phillips

15. For at least three years prior to filing this Complaint, Defendants have required their Aviation Maintenance Tech employees, including Phillips, to work over forty (40) hours in a week for a fixed salaried amount and for no additional compensation for overtime hours worked.

16. During this period of time, Phillips routinely worked in excess of 40 hours a week, and under their most current manager, Phillips' normal workweek consisted of 50 to 60 hours of work, and sometimes as high as 70 hours of work.

17. Phillips frequently worked six to seven days a week while employed with Defendants.

18. Phillips resigned from his employment with Defendants in or around March 2018.

19. Phillips spent the vast majority of his time performing pre-flight and post-flight inspections, scheduled inspections, unscheduled maintenance, ordering parts, handling warranty claims, shipping, facility upkeep and entering logbook entries.

20. In his work, Phillips' discretion and independent judgment with regard to matters of significance and magnitude were significantly restricted by company policy and/or management.

21. Phillips' job duties were not administrative or clerical in nature, but instead required hands-on laborious work.

22. While employed with Defendants, there were 3-4 Aviation Maintenance Tech employees and of those individuals, only one, Buddy Hughes, had a college degree.

23. Phillips was not required to possess any type of advanced degree or knowledge normally obtained through specialized and prolonged intellectual instruction. His job description requires only a high school degree or equivalency.

24. 29 CFR § 541.301(d) states that the best prima facia evidence that an employee satisfies the criteria for exemption as a professional is his or her possession of the appropriate academic degree.

25.     For purposes of this litigation, the knowledge required to accomplish the work performed by Phillips was attainable through on-the-job work experience only, with no additional prolonged intellectual course instruction.

26.     This bears out in Defendants' own job advertisements, which evidence that individuals are eligible to work as an Aviation Maintenance Tech without any degree or prolonged intellectual course instruction.

27.     Phillips does not hold a college degree.

28.     Nonetheless, Defendants evidently claimed the professional exemption for Phillips and his similarly situated co-workers.

29.     As such, Defendants intentionally misclassified Phillips as overtime exempt.

### Keith Clevenger

30.     For at least three years prior to filing this Complaint, Defendants have required their Aviation Maintenance Supervisor, Clevenger, to work over forty (40) hours in a week for a fixed salaried amount and no additional compensation for overtime hours worked.

31.     During this period of time, Clevenger routinely worked in excess of 40 hours a week, and under their most current manager, Clevenger's normal workweek consisted of 50 to 60 hours of work, and sometimes as high as 70 hours of work.

32. Clevenger frequently worked six to seven days a week while employed with Defendants.

33. Clevenger resigned from his employment with Defendants in or around March 2018.

34. Clevenger spent the vast majority of his time performing pre-flight and post-flight inspections, scheduled inspections, unscheduled maintenance, ordering parts, handling warranty claims, shipping, facility upkeep and entering logbook entries.

35. In his work, Clevenger's discretion and independent judgment with regard to matters of significance and magnitude were significantly restricted by company policy and/or management.

36. Clevenger's job duties were not managerial in nature, but instead primarily required hands-on laborious work.

37. Clevenger lacked the authority to hire or fire other employees, and any suggestions made by Clevenger regarding the hiring, firing, advancement, promotion or any other change of status of other employees was given no weight.

38. Clevenger was not responsible for interviewing, selecting, or training of employees; setting or adjusting their rates of pay and hours of work; directing their work; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee

complaints or grievances; disciplining employees; planning the work for other employees; determining the techniques to be used by other employees; apportioning work among employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought or stocked; controlling the flow or distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning or controlling the budget; or monitoring or implementing legal compliance measures.

39. Nonetheless, Defendants evidently claimed the executive exemption for Clevenger.

40. As such, Defendants intentionally misclassified Clevenger as overtime exempt.

41. Alternatively, if Defendants instead claimed the professional exemption for Clevenger, for the same reasons set forth above with respect to Phillips, who worked hand-in-hand with Clevenger, Defendants intentionally misclassified Clevenger. Clevenger's education and job duties were virtually identical to those of Phillips.

## CAUSE OF ACTION

## VIOLATION OF FAIR LABOR STANDARDS ACT

42. Plaintiffs seek unpaid overtime compensation, an equal amount as liquidated damages, plus attorneys' fees, and costs, pursuant to 29 U.S.C. §216(b).

43. At all times relevant to this action, Defendants were "employers" of Plaintiffs as defined by § 203(d) of the FLSA.

44. At all times material to this action, Plaintiffs were "employees" of Defendants as defined by § 203(e)(1) of the FLSA, and they worked for Defendants within the United States within three years preceding the filing of this lawsuit.

45. The FLSA provisions set forth in §§ 206 and 207, respectively, apply to Defendants' non-exempt employees, including Plaintiffs.

46. As additional evidence that Defendants intentionally failed and/or refused to pay Phillips and Clevenger according to the provisions of the FLSA, Plaintiffs point to the fact that they complained to management that they believed they were eligible for overtime compensation. Despite their notices, Defendants made no change to Plaintiffs or other similarly situated employees' compensation.

47. Defendants did not pay Phillips or Clevenger overtime compensation for work performed in excess of 40 hours in any week.

48. Lastly, Plaintiffs also seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, finding that Defendants' actions misclassifying its Aviation Maintenance Tech employees and Aviation Maintenance Supervisors, as described in this complaint, are unlawful and in violation of the FLSA, regardless of the location of any facility within the United States or United States territories.

**WHEREFORE**, Phillips and Clevenger pray for the following relief:

A.   Plaintiffs be awarded damages in the amount of their respective unpaid compensation (overtime and/or minimum wages), plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and/or prejudgment interest if no liquidated damages are awarded;

B.   Award Plaintiffs reasonable attorneys' fees, including the costs and expenses of this action;

C.   Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendants' actions, as described in the complaint, are unlawful and in violation of the FLSA and applicable regulations, regardless of a facility's location within the United States or United States territories; and

D.   Such other legal and equitable relief to which they may be entitled.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.**

Respectfully submitted,

*/s/ Frank H. Tomlinson*
Frank H. Tomlinson

*/s/ Brice M. Johnston*
Brice Johnston

OF COUNSEL:

TOMLINSON LAW, LLC
Landmark Center, Suite 600
2100 1st Avenue North
Birmingham, AL 35203
Telephone 205-326-6626
hilton@tomlawllc.com

JOHNSTON LAW FIRM, P.C.
The Landmark Center, Suite 600
2100 First Avenue North
Birmingham, Alabama 35203
Phone: (205) 328-9445 ext. 600
brice@johnstonfirmpc.com

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

Encompass Health Corporation
C/o CT Corp. System
2 North Jackson St., Ste. 605
Montgomery Alabama 36104

Encompass Health Aviation, LLC
C/o CT Corp. System
2 North Jackson St., Ste. 605
Montgomery Alabama 36104