**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NEAL PHILLIPS, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:18-CV-442-RDP** |
| | } | |
| **ENCOMPASS HEALTH** | } | |
| **CORPORATION, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

**<u>MEMORANDUM OPINION</u>**

This case is before the court on Defendants' Amended Motion to Quash or Modify

Plaintiffs' Subpoena to the VanAllen Group, Inc. and Motion for a Protective Order. (Doc. # 19).

The Motion is fully briefed (*see* Docs. # 19-20, 22), and it is ripe for decision. After careful review,

and for the reasons explained below, the court concludes that Defendants' Motions are due to be

granted in part and denied in part.

**I.  Factual and Procedural Background**

Plaintiffs Neal Phillips and Keith Clevenger ("Plaintiffs") were employed by Defendants

Encompass Health Corporation ("Encompass Health") and Encompass Health Aviation, LLC

("Encompass Aviation") (collectively, "Defendants") as aviation maintenance employees from

March 2015 to March 2018. (Doc. # 1). They now bring this action pursuant to the Fair Labor

Standards Act, 29 U.S.C. §201 *et seq*., to remedy Defendants' alleged violations of the wage

provisions of the FLSA. (Doc. # 1 at ¶ 14). Plaintiffs assert that Defendants have deprived them

of their lawful minimum and/or overtime wages. (*Id*.).

As part of discovery, on August 10, 2018, Plaintiffs served a subpoena on VanAllen Group, Inc. ("VanAllen") (Doc. # 19-1), an entity Defendants have characterized as "a third party consulting firm that provided Encompass Aviation confidential and proprietary review and analysis of its Aviation services." (Doc. # 19). Plaintiffs sent an email to Defendants' counsel on August 6, 2018, notifying them of intent to serve the subpoena. (Doc. 20 at ¶ 1). The parties also agreed that all documents produced by VanAllen would be shared with Defendants. (*Id.*).

The subpoena requests that VanAllen produce the following three categories of documents:

(1) Any and all notes, records, reports, correspondence, documents, notices, or other writings which in any manner reflect, relate, refer or pertain to the payment of salaries, wages, compensation or overtime by Encompass Health Corporation or Encompass Health Aviation, LLC to any "Aviation Tech" or any "Aviation Tech Supervisor", including but not limited to any and all documents and records which reflect investigations conducted or recommendations provided by Don Henderson or Don White to Encompass Health Corporation or Encompass Health Aviation, LLC from January 2014 to the present.

(2) All reports or presentations you have prepared or presented that refer or relate to the payment of overtime to aviation maintenance employees, whether employed by Encompass Health Corporation or Encompass Health Aviation, LLC or otherwise.

(3) Any notes, reports, correspondence, notices, documents or other writings that refer to William Poynter, Elaine Karabatsos, Cheryl Levy, Jay F. Grinney, Neal Phillips or Keith Clevenger.

(Doc. # 19-1).

VanAllen has filed nothing with the court in opposition to the subpoena. (Doc. 20 at ¶ 4). However, on August 22, 2018, VanAllen's counsel emailed Plaintiffs a letter detailing two objections targeted at Requests Two and Three of the subpoena. (Doc. # 19-2). The letter does not express VanAllen's agreement to produce any documents responsive to these requests, but it states that "VanAllen will produce the documents responsive to the request in this Paragraph (1)." (*Id.*).

## II. Discussion

The parties' disagreement revolves around Request One of the subpoena. Specifically, Defendants object pursuant to Federal Rule of Civil Procedure 45(d)(3)(B)(i), which allows a court to quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research." Here, Defendants argue that the Request should be modified because it "requires disclosure of confidential research by VanAllen gathered in connection with preparing proprietary reports." (Doc. # 19 at 3). They seek, at the least, modification of the Request so that VanAllen may produce only "final report[s] provided by VanAllen to Encompass regarding the wages of any Encompass Aviation Technician or Aviation Technician Supervisor from March 2015 to March 2018." (*Id*. at 5).

Of course, the "movant bears the initial burden of establishing that the information sought is…confidential information which qualifies for protection and that its release might be harmful to the movant." *Centurian Industries, Inc. v. Warren Steurer and Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). Defendants somewhat arbitrarily suggest that limiting the Request to VanAllen's "final reports" would minimize the danger of producing protected information. (Doc. #19 at 3-4). They offer no theory as to why the requested information is confidential, why the release of such information would cause them harm, or why limiting the request to "final reports" would prevent them from suffering the alleged harm.[1] Consequently, Defendants have not carried their burden of showing that Request One asks for confidential information that, if released, would cause Defendants harm. Request One will not be modified to require the production of only "final reports."

---

[1] It should also be noted that VanAllen, the party who will ultimately have to produce this allegedly confidential information, does not object to Request One. (Doc. # 19-2).

Defendants also argue that Request One is overbroad because it asks for documents created from January 2014 to the present. (*Id*. at 3). Defendants insist that the relevant and discoverable period is between March 2015, the month Plaintiffs began working for Defendants, and March 2018, the month the suit was filed. The court is inclined to agree. Due to the particular nature of an overtime wages action under the FLSA, the only relevant and discoverable time period is the period during which Plaintiffs were employed by Defendants and allegedly denied overtime wages. Anything before or after their employment is irrelevant because it does not relate "to the subject matter involved in the pending action." *See* Federal Rule of Civil Procedure 26(b)(1). Request One will therefore be modified to require only information and documents from March 2015 to March 2018 be produced.

Interestingly, there seems to be no dispute between the parties with regard to Requests Two and Three in the subpoena. By declining to address Requests Two and Three in their Response in opposition to Defendants' Motion (*see generally*, Doc. # 20), Plaintiffs have effectively "narrowed their subpoena to seek only the information in Request [One]." (Doc. # 22 at 2). In fact, Plaintiffs have indicated that they "are satisfied with the VanAllen Group's agreement to produce all documents responsive to paragraph (1) of the [s]ubpoena and do not have any disputes or differences with the VanAllen Group at this time." (Doc. # 20 at ¶ 8). Because Plaintiffs did not present the court with any argument in favor of the inclusion of Requests Two and Three, Defendants' Motion to Quash is granted in part. Requests Two and Three are hereby quashed.

Likewise, there is no dispute over whether a protective order should be entered "prohibiting the dissemination or use of such confidential and proprietary information outside of this case." (Doc. # 19 at 6).[2] As stated in Plaintiffs' Response, "Plaintiffs do not object to the issuance of a

---

[2] In fact, there doesn't seem to be a significant dispute between the parties necessitating motion practice before the court. The parties are advised that in the future, in this case and otherwise, they should meet and confer with

protective order to keep those business records produced in response to the [s]ubpoena confidential." (Doc. # 20 at ¶ 18). Given the parties' agreement on this matter, Defendants' Motion for a Protective Order is granted. The parties shall submit a proposed protective order to the court on or before October 12, 2018.

## III. Conclusion

For the reasons discussed above, Defendants' Amended Motion to Quash or Modify Plaintiffs' Subpoena to the VanAllen Group, Inc. and Motion for a Protective Order. (Doc. # 19) is granted in part and denied in part. Defendants' Motion to Modify (Doc. # 19) is partially granted as to Request One. Plaintiffs may seek information and documents, not limited to final reports, from only the March 2015 to March 2018 time frame. Defendants' Motion to Quash (Doc. # 19) is also granted with respect to the information sought in Requests Two and Three, which are due to be stricken from the subpoena. Finally, Defendants' Motion for a Protective Order (Doc. # 19) is granted. The parties shall submit a proposed protective order to the court on or before October 12, 2018.

An Order will be entered contemporaneously with this Memorandum Opinion.

**DONE** and **ORDERED** this October 3, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

opposing counsel on minor disagreements before involving the court. This particular "dispute" likely could have been resolved quickly (and without judicial intervention) had the parties done so.